UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RALPH BERRY, et al.,<br><br>Defendants. | Case No. 26-cv-11405<br><br>Honorable Robert J. White |

**AMENDED ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SECOND SUMMONS AND ALTERNATE SERVICE AND EXTENDING TIME TO EFFECT SERVICE**

Before the Court is Plaintiff Metropolitan Life Insurance Company's motion for a second summons, an extension of time to serve Defendant Ralph Berry, and permission to serve Berry by publication or posting. (ECF No. 7). The Court cannot issue a second summons but will extend the time for Plaintiff to effect service.

Plaintiff's process server attempted service at two addresses associated with Berry, conducted skip trace searches, requested a copy of Berry's Secretary of State report, and called possible telephone numbers, but could not locate him. (ECF No. 7-3, PageID.182). These efforts support extending the time for service under Federal

Rule of Civil Procedure 4(m). *See Habib v. General Motors Corp.*, 15 F.3d 72, 74–75 (6th Cir. 1994).

The request for alternate service, however, does not satisfy the applicable requirements. Federal Rule of Civil Procedure 4(e)(1) permits service following Michigan law. Michigan Court Rule 2.105(J)(2) requires a verified motion dated no more than fourteen days before filing that states sufficient facts demonstrating why ordinary service cannot reasonably be accomplished. Plaintiff's motion is unverified, and the supporting process server's affidavit is dated June 15, 2026, more than fourteen days before the motion's July 29, 2026 filing. (ECF No. 7-3, PageID.182).

Moreover, Plaintiff's proposed order generally authorizes service "by publication or posting" without specifying the required notice and service procedures pursuant to Michigan Court Rule 2.106. (ECF No. 7-1, PageID.177). Specifically, the order must direct Berry where and when to respond and state the consequences of failing to respond. MCR 2.106(C)(1)(d)–(e). The Court must also determine whether notice must be mailed to Berry's last known address. MCR 2.106(B), (D)(2), (E)(2). The proposed order addresses neither requirement, therefore, the Court denies the request for alternate service without prejudice. Any renewed request must identify the proposed method of service and include a proposed order complying with MCR 2.106. Accordingly,

IT IS ORDERED that Plaintiff's motion (ECF No. 7) is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.

IT IS FURTHER ORDERED that Plaintiff shall serve Defendant Ralph Berry with the summons and complaint within 60 days after entry of this order.

IT IS FURTHER ORDERED that Plaintiff's request for a second summons is DENIED.

IT IS FURTHER ORDERED that Plaintiff's request for alternate service is DENIED WITHOUT PREJUDICE. Plaintiff may renew its request through an updated verified motion and a proposed order complying with Michigan Court Rules 2.105(J) and 2.106.

Dated: October 29, 2026

s/Robert J. White
Robert J. White
United States District Judge